IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CARLOS WHITEHEAD,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Civil No.  13-cv-1227-CJP[1] |
| | ) |
| **JAMES N. CROSS,** | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM and ORDER

**PROUD, Magistrate Judge:**

Petitioner Carlos Whitehead is serving a life sentence for manufacturing and possessing with intent to distribute in excess of fifty grams of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A).[2]   Through counsel, he filed a petition for writ of habeas corpus under 28 U.S.C. §2241 arguing that he is entitled to habeas relief under *McQuiggin v. Perkins*, 133 S.Ct. 1924 (2013).

## Convictions and Procedural History

Petitioner was convicted on a number of drug offenses in the Eastern District of Missouri in 2006.  At issue here is his conviction on Count 1 for manufacturing and possessing with intent to distribute in excess of fifty grams of cocaine base.  Because he had two or more prior convictions for felony drug

---

[1] This case was assigned to the undersigned for final disposition upon consent of the parties pursuant to 28 U.S.C. §636(c).  See, Doc. 10.

[2] The Fair Sentencing Act raised the threshold amount of cocaine base in §841(b)(1)(A) from 50 grams to 280 grams.  The Fair Sentencing Act applies to defendants who are sentenced after the effective date of the Act, August 3, 2010.  *Dorsey v. United States*, 132 S. Ct. 2321 (2012); *United States v. Robinson*, 697 F.3d 443, 445 (7th Cir. 2012).  Petitioner correctly concedes that the Act does not apply to him.  See, Doc. 19, p. 1.

offenses, he was subject to a mandatory term of life imprisonment pursuant to 21 U.S.C. §841(b)(1)(A). The government filed the information required by 21 U.S.C. §851(a) before trial. *United States v. Whitehead*, Case No. 04-cr-531-JCH, Doc. 47.

In its opinion affirming on direct appeal, the Eighth Circuit Court of Appeals set forth the following information:

> Officers of the St. Louis Police Department, including Detective John Applegate, entered a second floor apartment at 4220 Ellenwood with a search warrant at the culmination of a narcotics investigation of the residence. They encountered Whitehead standing in a hallway. As Whitehead expressed surprise over the officers' presence, the kitchen microwave "dinged." In the microwave, officers found a glass vial containing a damp off-white substance that Applegate believed to be crack cocaine. Next to the appliance was a small baggie of powder cocaine, seven chunks of loose crack cocaine, and one chunk of crack cocaine wrapped in clear plastic. Applegate also noticed and seized a metal spoon and knife on the kitchen counter, as well as a box of sandwich bags and a coffee grinder—items commonly used in narcotics manufacturing and distribution. In the bedroom, the officers found heroin and marijuana, as well as a digital scale, white residue, and a plastic bag of marijuana. When asked to whom the drugs belonged, Whitehead said, "You know you got me, so don't play."

*United States v. Whitehead*, 487 F.3d 1068, 1069-70 (8th Cir. 2007).

One of the issues Whitehead raised on direct appeal was that "the government failed to prove that the substance retrieved from the apartment that weighed in excess of 50 grams was crack cocaine because it had not been tested for the presence of sodium bicarbonate." *Whitehead*, 487 F.3d at 1071-72.

Whitehead also filed a pro se motion to vacate, set aside or correct sentence under 28 U.S.C. §2255 in the Eastern District of Missouri. Among other points, he argued that trial counsel was ineffective in that he did not present expert

testimony regarding the composition and weight of the moist substance found in his microwave. *Whitehead v. United States*, 08-cv-1828-JCH, Doc. 1, Ex. 2, pp. 20-21. The motion was denied in February 2011. The District Judge denied a certificate of appealability, as did the Eighth Circuit. *Ibid.*, Docs. 15, 27.

### Grounds for Habeas Relief

Petitioner asserts one ground for habeas relief, that is, that he is "actually innocent" of the cocaine base charge because the substance found in the microwave was described at trial as "very damp," "gooey," and "wet." He argues that "cocaine base in its 'crack' form is marketed as solid, chunk-like rocks for smoking, not as a 'gooey,' 'very damp,' or 'wet' consistency. In the form it was found in Whitehead's microwave, the substance was unmarketable and unconsumable." Memorandum in Support, Doc. 2, Ex. 2, p. 15.

### Legal Standards Applicable to Section 2241

Generally, petitions for writ of habeas corpus under 28 U.S.C. §2241 may not be used to raise claims of legal error in conviction or sentencing, but are limited to challenges regarding the execution of a sentence. See, *Valona v. United States*, 138 F.3d 693, 694 (7th Cir.1998).

A prisoner who has been convicted in federal court is generally limited to challenging his conviction and sentence by bringing a motion pursuant to 28 U.S.C. §2255 in the court which sentenced him. A motion under §2255 is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). And, a prisoner is generally

limited to bringing only *one* motion under §2255. A prisoner may not file a "second or successive" motion unless a panel of the appropriate court of appeals certifies that such motion contains either 1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or 2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. §2255(h).

However, it is possible, under very limited circumstances, for a prisoner to challenge his federal conviction or sentence under §2241. 28 U.S.C. §2255(e) contains a "savings clause" which authorizes a federal prisoner to file a §2241 petition where the remedy under §2255 is "inadequate or ineffective to test the legality of his detention." The Seventh Circuit construed the savings clause in *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998): "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense."

The Seventh Circuit has explained that, in order to fit within the savings clause following *Davenport,* a petitioner must meet three conditions. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Secondly, he must show that he relies on a decision that he could not have invoked in his first §2255 motion *and* that case must apply

retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). See also, *Brown v. Rios*, 696 F3d 638, 640 (7th Cir. 2012).

In order to show that §2255 is inadequate to test the legality of his detention, a petitioner must "first show that the legal theory he advances relies on a change in law that both postdates his first §2255 motion (for failure to raise a claim the first time around does not render §2255 'inadequate') and 'eludes the permission in section 2255 for successive motions.'" *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003), citing *Davenport*, 147 F.3d at 611.

## Analysis

Petitioner candidly admits that his claim of actual innocence does not rest upon a retroactive Supreme Court decision or a change in the law that post-dates his §2255 motion. Rather, it is a claim that has been available to him from the beginning. Doc. 2, Ex. 2, p. 6. Nevertheless, he argues that he is entitled to bring his claim under §2241 because "the Supreme Court basically blew the cover off the 'actual innocence' ball when in *McQuiggin* . . . the Court opened the review door to defaulted and claims otherwise subject to dismissal on procedural grounds. . . ." Doc. 2, Ex. 2, p. 8. Put simply, petitioner's argument is that *McQuiggin v. Perkins*, 133 S.Ct. 1924 (2013), holds that a credible claim of actual innocence entitles a petitioner to bring a §2241 petition regardless of whether he can meet the *Davenport* criteria.

*McQuiggin* holds that a petitioner who asserts a credible claim of actual innocence may be able to overcome the statute of limitations for filing a petition for habeas relief under 28 U.S.C. §2254. That case does not apply here.

The Court first notes that *McQuiggin* requires that the petitioner's claim of actual innocence meet the "demanding" standard of *Schlup v. Delo*, 115 S.Ct. 851 (1995). *McQuiggin*, 133 S.Ct. at 1936. The Court finds it unnecessary to resolve the question of whether Whitehead has set forth a credible claim of actual innocence. Even if he has set forth a valid *Schlup* claim, he would not be entitled to bring a §2241 petition.

By its terms, *McQuiggin* is limited to "an untimely first federal habeas petition alleging a gateway actual-innocence claim." The Supreme Court expressly noted that different rules apply to second or successive petitions. *McQuiggin*, 133 S. Ct. at 1933-1934.

Neither the language nor the reasoning of *McQuiggin* support the expansive reading that petitioner urges. Whitehead is not a state prisoner who will be deprived of any chance of federal court review of constitutional claims if he is not allowed to proceed on a §2241 petition. Rather, he has already had an opportunity for direct appeal and review under §2255.

Further, *McQuiggin* does *not* hold that a claim of actual innocence is a freestanding basis for habeas relief. Rather, such a claim is only a gateway to consideration of defaulted constitutional claims under §2254. *McQuiggin*, 133 S. Ct. at 1931. See also, *Gladney v. Pollard*, 799 F.3d 889, 895 (7th Cir. 2015)("The

Supreme Court has not recognized a petitioner's right to habeas relief based on a stand-alone claim of actual innocence.")  Whitehead is not seeking review of a defaulted constitutional claim; his only claim is that he is "actually innocent" of the cocaine base charge because the substance in the microwave was not cocaine base.  As he admits, that claim does not arise out of any change in the law and could have been brought on direct appeal and in his §2255 motion.  In fact, as was noted above, he raised closely-related claims on direct appeal and in his §2255 motion.

Petitioner does not cite any case from any circuit which reads *McQuiggin* the way he does, and this Court's independent research has not discovered such a case.  The Seventh Circuit has not spoken on the issue, but other Courts have refused to apply *McQuiggin* to permit a federal prisoner to bring a §2241 petition without showing that the remedy under §2255 was inadequate or ineffective.  See, e.g., *Boyce v. Berkebile*, 590 Fed. Appx. 825 (10th Cir. 2015); *Candelario v. Warden*, 592 Fed. Appx. 784 (11th Cir. 2014); *McAdory v. Warden Lewisburg USP*, 545 Fed. Appx. 88 (3rd Cir. 2013).  This Court agrees with the reasoning of these cases.

## Conclusion

Carlos Whitehead's Petition for a Writ of Habeas Corpus Under 28 U.S.C. §2241 **(Doc. 2)** is **DENIED**.

This action is **DISMISSED WITH PREJUDICE**.

The Clerk of Court shall enter judgment in favor of respondent.

**IT IS SO ORDERED.**

**DATE:** **March 16, 2016.**

                                            **s/ Clifford J. Proud**
                                            **CLIFFORD J. PROUD**
                                            **UNITED STATES MAGISTRATE JUDGE**